CHRISTINA LEWIS v. HENRY W. NOBLE.

*Mortgage—Application of payments—Bill to discharge—Estoppel.*

Complainant loaned $1,000 to one Herman, and took a second mortgage on his farm as security. Herman agreed to pay the $1,000 on the first mortgage, and sent a draft for that amount to the first mortgagee by mail, and in the accompanying letter directed him to make the agreed application. The first mortgagee only applied $800 of the $1,000 on the real-estate mortgage, and used the remainder in payment of a chattel mortgage given by Herman. About two years later Herman deeded the land to complainant, and excepted the first mortgage from the covenant of warranty. Complainant, after paying the amount due on the first mortgage if the $1,000 had been applied as directed, filed a bill for its discharge. And it is held that complainant is not estopped to deny the amount due on the first mortgage by the deed from Herman, the $200 not having been deducted from the purchase price, and no agreement having been made between complainant and defendant which affected the rights of either, or changed the situation of the parties; and that complainant is entitled to the relief prayed for.

Appeal from Newaygo. (Palmer, J.) Argued October 7, 1892. Decided October 27, 1892.

Bill to discharge a mortgage. Complainant appeals. Decree reversed, and one entered in this Court for the complainant. The facts are stated in the opinion.

*Fallass & Swarthout,* for complainant.

*W. H. Lockerby,* for defendant, contended:

1. When one buys land subject to a mortgage, which he subsequently recognizes by an agreement with the mortgagee for forbearance, he is not at liberty thereafter to dispute the validity of the mortgage; citing Jones, Mort. § 736, 1491; *Smith v. Graham,* 34 Mich. 302.

2. When the complainant bought the farm subject to the mortgage, she placed herself in the same position occupied by Herman, who would have been bound to the payment of the whole amount due Noble if he had retained possession of the farm; citing Jones, Mort. §§ 741, 742.

3. Whether the complainant bought the land assuming the payment of the mortgage, or bought subject to it, makes no difference, as the land stands charged with the payment of the debt in both instances, and she will not be allowed to set up any defense as against its validity; citing Jones, Mort. § 736 (note 7); *Winans v. Wilkie,* 41 Mich. 264; *Strohauer v. Voltz,* 42 Id. 444.

GRANT, J. The bill in this case was filed for the purpose of having a mortgage declared paid, canceled, and discharged.

Defendant was a former owner of the land upon which the mortgage was given. He sold the land to one John Herman for $3,000. Eight hundred dollars was paid in cash, $200 secured by a chattel mortgage, and $2,000 secured by a purchase-money mortgage upon the land, which is the mortgage complainant now seeks to have canceled. Herman obtained a loan of $1,000 from complainant, which he agreed to pay upon this mortgage, and gave her a second mortgage upon the same property as security. Herman obtained a draft for $1,000 which he sent by mail to defendant, who applied $200 in payment of the chattel mortgage and $800 upon the real-estate mortgage. Herman became unable to pay, and subsequently deeded the land to complainant. In this deed the Noble mortgage was excepted from the covenant of warranty. Complainant, her husband and son, were present when Herman wrote the letter containing the draft, and all testified that it directed the defendant to apply it upon

the farm mortgage given by Herman to him. Complainant rested for nearly two years in the belief that this was done, and knew nothing to the contrary until informed by the defendant, about the time she obtained the deed from Herman. Complainant has paid the amount of the mortgage, less $200.

If Herman directed the application of the money upon the mortgage in question, then complainant is entitled to relief; and this is the material question of fact in the case. The circuit judge made a written finding, in which he said he was convinced that the letter inclosing the draft directed the application of the entire amount upon the mortgage, but that afterwards Herman wrote another letter, directing the application as defendant claims to have made it, and that this second letter was received before the application was made.

We find no competent or reliable evidence to sustain the finding as to this second letter. The defendant and his wife both testify that the instructions were in the letter containing the draft, and the defendant himself testifies that he received no other letter containing such directions. The only evidence of this fact I find in the record is in the testimony of a Mr. Spencer, who drew the deed from Herman to complainant, and who testified that Herman told him that he at first directed the payment of the entire amount on the farm mortgage, but that some time afterwards he wrote defendant another letter, requesting him to apply $200 on the chattel mortgage. This testimony, besides being incompetent, is deserving of little credit, in view of the other testimony referred to. No letter from Herman to defendant was produced, and the letter inclosing the draft was shown to have been lost. The hearing was in open court, where the judge saw the witnesses. We should therefore hesitate to set aside the finding of the judge, except in a clear case. But a careful examination of the record has convinced us that the finding of the judge in this respect is incorrect, and that the

application of the entire amount was directed on the farm mortgage.

It is contended by the defendant that the complainant is estopped to deny the amount of the mortgage by her deed from Herman. We see no room for the application of the doctrine of estoppel. The $200 was not deducted from the purchase price of the deed, and no agreement was made between the complainant and defendant which affected the rights of either, or changed the situation of the parties. This $200 was, in fact, paid upon the mortgage, and she has done nothing to waive the application as directed.

The decree will be reversed, with the costs of both courts, and decree entered here for complainant.

The other Justices concurred.